# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH & WILDLIFE SERVICE, *et al*., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No: 1:25-cv-01048-RJL |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs American Forest Resource Council, the Association of O&C Counties, Douglas County, Lewis County, Siskiyou County, and Skamania County ("Plaintiffs") and Defendants Doug Burgum, in his official capacity as Secretary of the Interior, and the U.S. Fish & Wildlife Service ("Service") (collectively, "Defendants"). By and through their undersigned counsel, Plaintiffs and Defendants (collectively, the "Parties") state:

WHEREAS, in 1990, the Service listed the northern spotted owl, *Strix occidentalis caurina* ("NSO"), as a threatened species pursuant to Section 4 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a), 55 Fed. Reg. 26,114 (June 26, 1990);

WHEREAS, pursuant to ESA Section 4(b), 16 U.S.C. § 1533(b), the Service designated approximately 6.9 million acres as critical habitat for the NSO in Washington, Oregon, and California, 57 Fed. Reg. 1796 (Jan. 15, 1992);

1

WHEREAS, the Service revised the critical habitat designation in 2008 to cover approximately 5.3 million acres, 73 Fed. Reg. 47,326 (Aug. 13, 2008), and that 2008 designation was remanded to the Service by the United States District Court for the District of Columbia in *Carpenters Industrial Council v. Salazar*, No. CV 08–1409 (EGS), 734 F. Supp. 2d 126 (D.D.C. 2010);

WHEREAS, in March 2012, the Service issued a proposed revised critical habitat rule, 77 Fed. Reg. 14,096 (Mar. 8, 2012), and in December 2012 a final revised designation, which designated approximately 9.5 million acres as critical habitat for the NSO, 77 Fed. Reg. 71,876 (Dec. 4, 2012) ("2012 Final Rule");

WHEREAS, several of the Plaintiffs in this case (American Forest Resource Council and Siskiyou County, and Skamania County and Lewis County, appearing as Plaintiff-Intervenors) filed an action in 2013 alleging that the 2012 Final Rule violated the ESA, Administrative Procedure Act ("APA"), and other statutes; the Court dismissed the action in 2015, *Carpenters Indus. Council v. Jewell*, 139 F. Supp. 3d 7 (D.D.C. 2015), and the United States Court of Appeals for the District of Columbia Circuit reversed and remanded, *Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 6 (D.C. Cir. 2017);

WHEREAS, in November 2018, the United States Supreme Court issued its opinion in *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361 (2018) ("*Weyerhaeuser*"), concerning a designation of critical habitat, and the Plaintiffs in *Carpenters Indus. Council v. Zinke* maintained that the 2012 Final Rule is unlawful under the holding of *Weyerhaeuser*;

WHEREAS, the parties in *Carpenters Indus. Council v. Zinke* resolved that matter through a stipulated settlement agreement in April 2020 in which the Service agreed to "submit a proposed revised critical habitat rule that identifies proposed exclusions under ESA Section

2

4(b)(2) to the Federal Register on or before July 15, 2020" and then to "submit to the Federal Register a final revised critical habitat rule on or before December 23, 2020, or withdraw the proposed rule by that date if the Service determines not to exclude any areas from the designation under ESA Section 4(b)(2)[,]" *see* Case No. 13-cv-00361-RJL, Dkt. No. 126, 127;

WHEREAS, the Service published a proposed critical habitat rule that identified proposed exclusions under ESA Section 4(b)(2) on August 11, 2020 (85 Fed. Reg. 48,487), and, after the parties to the Settlement Agreement agreed to extend the deadline for the Service to withdraw or finalize the proposed revised critical habitat designation to January 6, 2021, a final rule on January 15, 2021 (86 Fed. Reg. 4,820) ("January 2021 Rule");

WHEREAS, the January 2021 Rule provided for the exclusion of approximately 3,472,064 acres from the critical habitat designation for the NSO in California, Oregon, and Washington, and had an effective date of March 16, 2021;

WHEREAS, on March 1, 2021, after a change in Presidential administration, the Service and the U.S. Department of the Interior issued a rule that changed the effective date of the January 2021 Rule from March 16, 2021, to April 30, 2021. 86 Fed. Reg. 11,892 (Mar. 1, 2021);

WHEREAS, on April 30, 2021, the Service and Interior further delayed the January 2021 Rule's effective date to December 15, 2021. 86 Fed. Reg. 22,876 (April 30, 2021);

WHEREAS, on July 20, 2021, the Service proposed a rule to withdraw the January 2021 Rule and reinstate the 2012 Rule's critical habitat designations. 86 Fed. Reg. 38,246 (July 20, 2021);

WHEREAS, the Service published its final rule on November 10, 2021, which withdrew the January 2021 Rule and instead excluded only 204,294 acres from designation, 86 Fed. Reg. 62,606 (Nov. 10, 2021) ("November 2021 Rule");

WHEREAS, in May 2022, the plaintiffs in *Carpenters Indus. Council v. Zinke* (who are represented by counsel for Plaintiffs in this case) filed a motion to enforce the April 2020 settlement agreement, which has been fully briefed and remains pending, *see* Case No. 13-cv-00361-RJL, Dkt. No. 140;

WHEREAS, Plaintiffs filed this lawsuit on April 7, 2025, alleging that Defendants violated the APA and ESA for, among other reasons, (1) withdrawing the January 2021 Rule, (2) failing to consider the best available scientific and commercial data available in promulgating the November 2021 Rule, (3) failing to use the applicable regulatory definition of habitat in promulgating the November 2021 Rule, and (4) failing to consider the economic and social impacts of designation in promulgating the November 2021 Rule, *see* Dkt. No. 1;

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint in this action;

WHEREAS, the Service has begun a rulemaking to consider whether areas designated under the November 2021 Rule should be excluded from the critical habitat designation pursuant to ESA Section 4(b)(2), 16 U.S.C. § 1533(b)(2), and at the Service's discretion, the Service may, but is not required by this Agreement to, consider whether there is any basis on which to revisit any other aspect or aspects of the 2012 critical habitat designation for the NSO as a whole.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.    The Service shall submit a proposed revised critical habitat rule for the NSO that identifies areas being considered for exclusion under ESA Section 4(b)(2), if any, to the Federal

4

Register on or before September 30, 2026. The Service retains the discretion to propose revisions to the critical habitat designation for the NSO on other grounds in the proposed rulemaking.

2.    The Service shall, within the one-year timeframe under ESA Section 4(b)(6)(A) beginning on the date on which the proposed rule is published in the Federal Register, submit to the Federal Register for publication a final revised critical habitat rule or a notice that the proposed revised critical habitat rule is being withdrawn if the Service determines not to exclude any areas from the designation under ESA Section 4(b)(2).

3.    In the event that there is interagency review of the proposed or final critical habitat rule pursuant to Executive Order 12866, the deadlines set forth in Paragraphs 1 and 2 shall be automatically extended by ninety (90) days. The deadlines in Paragraphs 1 and 2 shall also be extended by an additional thirty (30) days in the event that interagency review of any proposed or final rule exceeds ninety days.  If the Service submits a final revised critical habitat rule pursuant to this Agreement, it shall request that the Office of the Federal Register make that final rule effective no later than 60 days after publication in the Federal Register.

4.    Although Defendants currently expect to meet the deadlines in Paragraphs 1 and 2, unless modified in accordance with Paragraph 3, Defendants may move the Court to extend the deadlines for good cause. Plaintiffs expressly reserve the right to object to any such request. Any disputes between the Parties regarding satisfaction of the Service's obligations under Paragraphs 1 and 2 of this Agreement are subject to the dispute resolution procedures set forth in Paragraph 12 below.

5.    Plaintiffs represent that they will cause to be filed a motion in the *Carpenters Indus. Council v. Zinke* case, requesting on behalf of themselves and their co-movants, that the Court hold in abeyance their pending motion to enforce the April 2020 settlement agreement,

until Defendants meet the deadlines set forth in Paragraphs 1 and 2 of this Agreement. In the event that the Service issues a final revised critical habitat rule as described in Paragraph 2 of this Agreement, Plaintiffs further agree that they will cause to be filed a request to withdraw entirely the pending motion to enforce the April 2020 settlement agreement that was filed in the *Carpenters Indus. Council v. Zinke* case.

6.      Upon approval by the Court of this Agreement, the Court shall dismiss Plaintiffs' claims in this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), except the Court shall retain jurisdiction to resolve any motion for attorneys' fees and costs presented to the Court pursuant to Paragraph 8 below.

7.      Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the sole purpose of settling Plaintiffs' Complaint in this action, and nothing herein shall be construed as having any precedential value and/or preclusive effect as to the merit of any claims.

8.      Upon dismissal of this lawsuit pursuant to Paragraph 6, Plaintiffs and Defendants agree to seek to resolve Plaintiffs' claims for reasonable attorneys' fees and costs incurred in connection with this litigation pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g), or any other applicable authority. If Plaintiffs and Defendants are unable to resolve this issue, Plaintiffs reserve the right to file motions for attorneys' fees and costs. Defendants reserve all defenses to any motion for attorneys' fees and costs, including with respect to Plaintiffs' entitlement to fees and costs and the amount of any fees and costs.

9. This Agreement only requires the Service to take the actions specified in Paragraphs 1 and 2. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

10. The obligations imposed on the Service under this Agreement can only be undertaken using appropriated funds. No provision of this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provisions of law.

11. The Parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the Parties. By entering into this Agreement, the Parties do not waive any claim or defense except as expressly stated in this Agreement. This Agreement contains the entire agreement between the Parties, and is intended to be the final and sole agreement between the Parties. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. In the event of a disagreement between the Parties concerning the interpretation or completion of any aspect of this Agreement, the dissatisfied party shall provide the other parties with written notice of the dispute and a request for negotiations. The Parties shall meet and confer (in-person meeting not required) in order to attempt to resolve the dispute within 15

business days of the written notice, or such time thereafter as is mutually agreed. The Parties agree that contempt of court is not an available remedy under this Agreement.

13.     The Parties agree that Plaintiffs reserve the right to challenge the final determination on the proposed revised critical habitat rule required under Paragraph 2, if any, in a separate action, and Defendants and the Service reserve all defenses to such action.

14.     The terms of this Agreement shall become effective upon entry of an Order by the Court approving the Agreement.

15.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16.     The parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify or enforce such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

IT IS HEREBY STIPULATED, this 14th day of May, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
NICOLE M. SMITH, Assistant Section Chief

/s/  Alison C. Finnegan
Alison C. Finnegan, Senior Trial Attorney
(Pennsylvania Bar No. 88519)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 532-3312; Fax: (202) 305-0275

8

alison.c.finnegan@usdoj.gov
Attorneys for Defendants U.S. Fish and Wildlife
Service and Doug Burgum, in his official capacity
as Secretary, U.S. Department of the Interior


/s/      Tyler G. Welti
TYLER G. WELTI (D.C. Bar No. 1015691)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
415.653.3714
415.653.3755 (fax)
tgwelti@venable.com

Counsel for Plaintiffs, AMERICAN FOREST
RESOURCE COUNCIL; ASSOCIATION OF O&C
COUNTIES; DOUGLAS COUNTY, OREGON;
LEWIS COUNTY, WASHINGTON; SISKIYOU
COUNTY, CALIFORNIA; and SKAMANIA
COUNTY, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No: 1:25-cv-01048-RJL |
| U.S. FISH & WILDLIFE SERVICE, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**[Proposed] Order on Stipulated Settlement Agreement**

Pursuant to the Stipulated Settlement Agreement of the parties (Dkt. _____),

("Agreement"), IT IS HEREBY ORDERED that all counts of Plaintiffs' Complaint are dismissed

with prejudice, and the Court retains jurisdiction over this matter to oversee compliance with the

terms of the Agreement, and to resolve any motions for attorneys' fees and costs and motions to

modify the terms of the Agreement.

IT IS SO ORDERED.

_____
RICHARD J. LEON
Senior United States District Judge